# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

### No. 923
### WEHR v. STATE

Ohio Appeals, 1st Dist., Butler Co.

No. 266. Decided May 20, 1925

**681. JURISDICTION**—In order for justice of the peace to have jurisdiction in criminal matters, it is imperative that the order of arrest or warrant alleges that offense was committed within the township.

HAMILTON, J.

Calvin Wehr was convicted in the Court of a justice of the peace of Butler County, on a charge of unlawfully permitting his child to work on his farm during the hours when the public school of his district was in session. The prosecution was brought under 12993-1 GC. The child was his son, nine years of age, and Wehr was sentenced to pay a fine of $25 and costs.

Error was prosecuted to the Common Pleas which court reversed the justice, on the ground that the judgment was not sustained by sufficient evidence, and failure to prove that the alleged offense was committed in Butler County, and remanded the cause to the justice of the peace for a new trial, not discharging the accused. Wehr prosecuted error to the Court of Appeals claiming that the Common Pleas was in error in not reversing the justice of the peace in overruling his motion to dismiss the complaint. The Court of Appeals held:

1. The jurisdiction of a justice of the peace is limited by 1579-126 GC. which in substance is: "no justice of the peace in any township in Butler County - - - - shall have jurisdiction - - - - - in a criminal matter, unless the offense charged and any warrant or order of arrest shall be alleged to have been committed within said township."

2. The charge in the warrant charged the offense to have been committed in Butler County, but fails to state the township in which the offense may have been committed.

3. The statute is plain. It provides that no justice in any township in Butler county shall have jurisdiction, unless the offense charged in any warrant shall be alleged to have been committed within said township.

4. There is no special statute giving a justice jurisdiction throughout the county in prosecution of offenses under 12993-1 GC.

5. It follows that justice of peace was in error in overruling Wehr's motion to dismiss the complaint. Judgment of the justice and of the Common Pleas will be reversed and Wehr discharged.

Judgment discharged.

Attorneys—Giffin & Haines for Wehr; P. P. Boli for State; all of Hamilton.